DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the State of Ohio ("State"), appeals from the judgment of the Cuyahoga Falls Municipal Court that dismissed the administrative license suspension of Defendant, Timothy E. Dalchuk. We reverse and remand.
 {¶ 2} On November 18, 2002, a Cuyahoga Falls police officer cited Defendant with two separate counts: (1) driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1); and (2) driving with a prohibited concentration of alcohol, in violation of R.C. 4511.19(A)(6). Defendant was placed under an administrative license suspension ("ALS"), and his license was seized pursuant to R.C. 4511.191. Thereafter, Defendant moved to suppress all evidence seized by the police officer, and contended this evidence was the result of an illegal stop, detention, and search. The trial court granted Defendant's motion. On January 27, 2003, Defendant appealed to the trial court and moved to dismiss the ALS. Later that day, the trial court granted Defendant's appeal and found that the police officer did not have a reasonable ground to stop or detain Defendant. As a result, Defendant's ALS was terminated. It is from the trial court's termination of Defendant's ALS that the State timely appeals and raises one assignment of error for review.[1]
 ASSIGNMENT OF ERROR
"The trial court erred in summarily granting [Defendant's] petition to vacate an [ALS] without providing the [State] a reasonable opportunity to receive and respond to the petition."
 {¶ 3} In its sole assignment of error, the State avers that the trial court erroneously granted Defendant's motion, which terminated his ALS, before the State received notice of the motion or had an opportunity to respond to the motion. We agree.
 {¶ 4} ALS proceedings under R.C. 4511.191 are civil and administrative in nature. State v. Bower (Mar. 15, 1996), 4th Dist. No. 94 CA 2053. However, with the 1993 amendment of R.C. 4511.191, ALS proceedings more closely resemble any of a number of pretrial motions that might be heard in a criminal case, rather than a separate administrative proceeding. State v. Elfrink (Oct. 5, 1995), 10th Dist. No. 95APC03-364. As such, an appellate court will not reverse a trial court's decision regarding an ALS proceeding absent an abuse of discretion. See State v.Lloyd (Mar. 31, 1999), 2nd Dist. No. 15927. An abuse of discretion suggests more than an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
 {¶ 5} The record indicates that on January 27, 2003 Defendant filed his motion to dismiss the ALS and sent a copy of this motion to the State via regular mail. Additionally, the record indicates that the trial court granted Defendant's motion to dismiss on the same date. We find the trial court did not allow the State time to receive Defendant's motion or respond to the motion before acting on such motion. "Until the other party has a reasonable opportunity to file a written response, there is no reasonable consideration by the court of the issues involved." State v.Diehl (Mar. 25, 1991), 3rd Dist. No. 14-89-30. Accordingly, we conclude that the decision of the trial court granting Defendant's motion is unreasonable and arbitrary, and constituted an abuse of discretion. See id. (concluding that a motion acted upon by the trial court the same day it was filed constituted an abuse of discretion because the prosecutor did not have an opportunity to file a written response). Accordingly, Defendant's sole assignment of error is sustained.
 {¶ 6} The State's assignment of error is sustained. The judgment of the Cuyahoga Falls Municipal Court is reversed and cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
CARR, P.J.
WHITMORE, J. CONCUR.
(REECE, J., retired judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV,§ 6(C), Constitution.)
[1] In C.A. No. 21423, the State separately appealed the trial court's decision that granted Defendant's motion to suppress evidence. See Statev. Dalchuk, 9th Dist. No. 21423, 2003-Ohio-4152. On June 18, 2003, this court issued an order which sua sponte consolidated the instant appeal with C.A. No. 21423 for the purposes of reviewing the trial court record and appellate filings.